IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR01
    Civil Action No. _____

DUVELL MOZART EVERETT

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 3, 2009, the Court denied Duvell Mozart Everett's first motion pursuant to 28 U.S.C. § 2255. This matter is before the Court on Everett's "MOTION FOR LEAVE OF COURT FOR PERMISSION TO FILE FOR A SENTENCE REDUCTION PURSUANT TO 28 U.S.C. SECTION 2255(f) AND DORSEY V. UNITED STATES" ("2255 Motion").[1] (Docket No. 59.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically,

---

[1] In Dorsey v. United States, 132 S. Ct. 2321 (2012), the Supreme Court held that the Fair Sentencing Act ("FSA") applies to those who committed crimes prior to the passage of the FSA, but were sentenced following the August 3, 2010 effective date of the FSA. The decision in Dorsey, however, does not authorize an inmate to file a successive § 2255 motion. Indeed, in Dorsey, the Supreme Court recognized that defendants sentenced prior to August 3, 2010, would not benefit from the FSA. Id. at 2335; see Fields v. Warden, FCC Coleman - USP 1, No. 11-14997, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012).

"[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to hear Everett's successive § 2255 Motion. Accordingly, the § 2255 Motion (Docket No. 59) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Everett fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Everett and counsel for the United States.

And it is so ORDERED.

/s/ Robert E. Payne
Robert E. Payne
Senior United States District Judge

Date: September 26, 2012
Richmond, Virginia